United States District Court
Southern District of Texas

**ENTERED**

July 17, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Maryury Yulexy Cespedes Acevedo, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-3381 |
| | § | |
| Mark Wayne Mullin, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Maryury Yulexy Cespedes Acevedo is a native and citizen of Venezuela who is charged with having unlawfully entered the United States in 2023. Doc. 13-1. On September 29, 2023, Petitioner was detained by the Department of Homeland Security, charged with removability, and subsequently released pending removal proceedings. *Id.*, Doc. 1-5. She was re-detained on March 11, 2026, pursuant to 8 U.S.C. § 1225(b), and she remains in the custody of Respondent, Warden of the Houston Processing Center. Docs. 13-2, 1 ¶ 16. Thereafter, Petitioner applied for asylum, but her application was denied and she was ordered removed from the United States on June 15, 2026. Docs. 1-4, 13-3. Petitioner's appeal of that denial and removal order remains pending before the Board of Immigration Appeals. Doc. 15. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that her present detention without a bond hearing violates (i) substantive due process; (ii) procedural due process; (iii) the Immigration and Nationality Act ("INA"); (iv) agency regulations concerning bond hearing entitlement; (v) the Administrative

Procedure Act ("APA"); and (vi) the Central District of California's holding in *Maldonado Bautista v. Noem*, No. 5:25-cv-01873, 2026 WL 639921 (C.D. Cal. Feb. 25, 2026). Doc. 1 ¶¶ 49–93.

Now before the Court is Respondent's Motion for Summary Judgment, Doc. 13, to which Petitioner has responded in opposition, Doc. 14. Respondent maintains that Petitioner is not entitled to a bond hearing because she is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention during her removal proceedings. *See* Doc. 13 at 4; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)). The Court has also held that it is neither bound by, nor inclined to follow, the Central District of California's opinion in *Maldonado Bautista v. Noem*. *See Leon-Fernandez v. Frink*, No. 4:26-cv-2130 (S.D. Tex. July 15, 2026).

As such, Respondent's Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH

PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 17th of July, 2026.

_____
Nicholas J. Ganjei
United States District Judge

3